# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CURTIS BULLOCK,<br><br>Petitioner,<br><br>v.<br><br>RAFAEL ZUNIGA,<br><br>Respondent. | Case No. 1:16-cv-01501-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 14) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. On October 6, 2016, Petitioner filed the instant petition for writ of habeas corpus, challenging the sentence imposed by the United States District Court for the District of South Carolina in light of <u>Johnson v. United States</u>, 135 S. Ct. 2552 (2015). (ECF No. 1 at 2–3).[1] On March 20, 2017, Respondent filed a motion to dismiss for lack of jurisdiction. (ECF No. 14). Petitioner did not file any opposition.

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

The instant petition challenges the validity of Petitioner's federal sentence. Therefore, the appropriate procedure would be to file a § 2255 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court. Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998).

Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

Petitioner contends that after Johnson his sentence is based upon unconstitutionally vague career offender enhancements in the Sentencing Guidelines.[2] (ECF No. 1 at 3). In the instant case, relief pursuant to § 2241 is foreclosed by Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), in which the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195.

Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the escape hatch or savings clause of 28 U.S.C. § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

### III.

### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

---

[2] The Court notes that the Supreme Court recently held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles v. United States, 137 S. Ct. 886 (2017).

3

1 | 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839
3 | (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 26, 2017**

UNITED STATES MAGISTRATE JUDGE